IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| DERRICK SHAWN CULBERSON | § | |
| --- | --- | --- |
| | § | |
| Petitioner, | § | |
| | § | NO. 3-10-CV-2368-O-BD |
| VS. | § | |
| | § | (Consolidated with: |
| RICK THALER, Director | § | No. 3-11-CV-0155-O-BD) |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division | § | |
| | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Derrick Shawn Culberson, a Texas prisoner, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be dismissed in part and denied in part.

I.

In 1998, petitioner pled guilty to robbery and aggravated robbery. The trial court deferred an adjudication of guilt and placed petitioner on probation for 10 years. No appeal was taken at that time. While on probation, petitioner committed two new offenses, tested positive for cocaine, and violated other conditions of his release. Following two hearings held in August 2002, the court revoked petitioner's probation, adjudicated him guilty of the underlying offenses, and sentenced him to life imprisonment. His probation revocation and convictions were affirmed on direct appeal. *Culberson v. State*, Nos. 11-02-00307-CR & 11-02-00308-CR, 2003 WL 22239157 (Tex. App. -- Eastland, Sept. 26, 2003, no pet.). Petitioner also filed two applications for state post-conviction relief -- one for each conviction. Both applications were denied without written order on the findings

of the trial court. *Ex parte Culberson*, WR-58,825-02 & WR-58,825-03 (Tex. Crim. App. May 26, 2010). Petitioner then filed this action in federal district court.

II.

Petitioner challenges his convictions for robbery and aggravated robbery in five grounds for relief. As best the court understands these claims, petitioner appears to allege that: (1) his 1998 guilty plea was involuntary; (2) he received ineffective assistance of counsel in connection with that plea; (3) the application of a sentencing enhancement at his revocation hearing violated his right to due process; (4) he received ineffective assistance of counsel at his revocation hearing; and (5) he was denied the right to be represented by counsel of his choice.

A.

In two related grounds, petitioner challenges the validity of his 1998 guilty plea. Both claims are barred by limitations. Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal habeas proceeding must be brought not later than one year from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*See* 28 U.S.C. § 2244(d)(1). The time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the limitations period. *Id.* § 2244(d)(2).

Petitioner pled guilty to robbery and aggravated robbery and was placed on deferred adjudication probation for 10 years. The deferred adjudication order was entered on September 15, 1998, and no appeal was taken. Therefore, the order became final for limitations purposes 30 days thereafter on October 15, 1998. TEX. R. APP. P. 26.2(a)(1) (notice of appeal in criminal case must be filed within 30 days after sentence is imposed or suspended); *see also Caldwell v. Dretke*, 429 F.3d 521, 530 (5th Cir. 2005), *cert. denied*, 127 S.Ct. 431 (2006) (order placing defendant on probation or deferred adjudication community supervision is a final judgment for purposes of the AEDPA statute of limitations). Yet petitioner did not challenge the validity of his guilty plea until he filed an application for state post-conviction relief on January 16, 2004. In an attempt to excuse this five-year delay, petitioner argues that the limitations period did not begin to run until the trial court adjudicated him guilty of the underlying offenses on August 22, 2002. However, the Fifth Circuit rejected that interpretation of the AEDPA in *Caldwell*. *See also Tharpe v. Thaler*, 628 F.3d 719, 724 (5th Cir. 2010), *cert. denied*, 2011 WL 1114426 (2011) (affirming continued vitality of *Caldwell*). Consequently, these claims should be dismissed on limitations grounds.

B.

Petitioner further contends that the application of a "deadly weapon" enhancement at his revocation hearing, which resulted in the imposition of a life sentence, violated due process.[1] Respondent counters that this claim is unexhausted and procedurally barred from federal habeas review.

---

[1] It is not clear whether petitioner also argues that his placement on deferred adjudication probation in 1998 violated due process. To the extent petitioner intends to raise such a claim, it is barred by limitations.

A prisoner must fully exhaust state remedies before seeking habeas relief in federal court. *See* 28 U.S.C. § 2254(b)(1)(A). This entails submitting the factual and legal basis of any claim to the highest available state court for review in a procedurally correct manner. *See Satterwhite v. Lynaugh*, 886 F.2d 90, 92-93 (5th Cir. 1989). In Texas, a prisoner must present his claims to the Texas Court of Criminal Appeals in a petition for discretionary review or an application for writ of habeas corpus. *See Bautista v. McCotter*, 793 F.2d 109, 110-11 (5th Cir. 1986). While a federal court has limited discretion to stay a habeas petition and hold it in abeyance so a prisoner can return to state court to exhaust his previously unexhausted claims, *see Rhines v. Weber*, 544 U.S. 269, 275-76, 125 S.Ct. 1528, 1533-34, 161 L.Ed.2d 440 (2005), Texas law prohibits a prisoner from filing a second or successive application for post-conviction relief if the grounds stated therein could have been, but were not, raised in a prior state writ. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07, § 4(a) (Vernon 2005). Under this statute:

> If a subsequent application for writ of habeas corpus is filed after final disposition of an initial application challenging the same conviction, a court may not consider the merits of or grant relief based on the subsequent application unless the application contains sufficient specific facts establishing that:
>
> (1) the current claims and issues have not been and could not have been presented previously in an original application or in a previously considered application filed under this article because the factual or legal basis for the claim was unavailable on the date the applicant filed the previous application; or
>
> (2) by a preponderance of the evidence, but for a violation of the United States Constitution no rational juror could have found the applicant guilty beyond a reasonable doubt.

*Id.* This procedural bar also applies to unexhausted claims if the state court would likely dismiss a successive habeas petition under article 11.07, § 4. *See Clay v. Cockrell*, 48 Fed.Appx. 104 (Table), 2002 WL 31017137 at *2 (5th Cir. Aug. 20, 2002), *cert. denied*, 123 S.Ct. 1492 (2003) (an

unexhausted claim, which would be barred by Texas abuse-of-writ doctrine if raised in a successive habeas application, is procedurally barred from federal habeas review); *Jaramillo v. Quarterman*, No. SA-08-CV-1003-XR, 2009 WL 3765501 at *3 (W.D. Tex. Nov. 10, 2009) ("If this procedural bar applies, it warrants the refusal to grant a stay under *Rhines*.").

Petitioner argues that he raised his due process claim in motion for leave to amend his state writ and in a separate document tendered to the Texas Court of Criminal Appeals. (*See* Pet. Reply Br. at 5-6). However, nothing in the record suggests that leave to amend was granted or that the state court considered this claim on the merits. *See Ex parte Culberson*, WR-58,825-02, Tr. at 44-47; *Ex parte Culberson*, WR-58,825-03, Tr. at 37-40. Nor is the due process claim petitioner sought to raise on state collateral review identical, or even substantially similar, to the claim presented in his federal writ. *Compare* Hab. Pet. at 7b & Pet. Mem. Br. at 12-13, *with Ex parte Culberson*, WR-58,825-02, Tr. at 31-38. Because petitioner did not present his due process claim to the highest available state court in a procedurally correct manner, it is unexhausted. *See Dotson v. Quarterman*, No. 4-06-CV-715-A, 2008 WL 340473 at *6-7 (N.D. Tex. Jan. 28, 2008) (finding that claims raised in motion to amend were unexhausted for purposes of federal habeas review). The court further determines that a Texas court presented with this unexhausted claim in a successive habeas petition would likely find it barred. Thus, federal habeas relief is not proper. *See Clay*, 2002 WL 31017137 at *2; *Nobles v. Johnson*, 127 F.3d 409, 422-23 (5th Cir. 1997), *cert. denied*, 118 S.Ct. 1845 (1998).

C.

Petitioner contends that he received ineffective assistance of counsel because his attorney did not present mitigating evidence at his revocation hearing. The Sixth Amendment to the United States Constitution guarantees a defendant reasonably effective assistance of counsel at all critical stages of a criminal proceeding. *See Cuyler v. Sullivan*, 446 U.S. 335, 344, 100 S.Ct. 1708, 1716,

64 L.Ed.2d 333 (1980). To prevail on an ineffective assistance of counsel claim, a habeas petitioner must satisfy the two-prong test established in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). First, the petitioner must demonstrate that the performance of his attorney fell below an objective standard of reasonableness. *Id.*, 104 S.Ct. at 2064. Second, the petitioner must prove that he was prejudiced by his attorney's substandard performance. *Id.* at 2067.

Where, as here, a state court has already rejected a claim of ineffective assistance of counsel, a federal court may grant habeas relief only if the state court adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). A state court decision is "contrary" to clearly established federal law if "it relies on legal rules that directly conflict with prior holdings of the Supreme Court or if it reaches a different conclusion than the Supreme Court on materially indistinguishable facts." *Busby v. Dretke*, 359 F.3d 708, 713 (5th Cir.), *cert. denied*, 124 S.Ct. 2812 (2004), *citing Williams v. Taylor*, 529 U.S. 362, 405-06, 120 S.Ct. 1495, 1519-20, 146 L.Ed.2d 389 (2000). A decision constitutes an "unreasonable application" of clearly established federal law if "the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams*, 120 S.Ct. at 1523; *see also Gardner v. Johnson*, 247 F.3d 551, 560 (5th Cir. 2001). Factual determinations made by the state court are presumed to be correct and are unreasonable only where the petitioner "rebut[s] the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *see also Threadgill v. Quarterman*, No. 3-05-CV-2217-D, 2009 WL 2448499 at *5 (N.D. Tex. Aug. 10, 2009) (citing cases), *aff'd*, 2011 WL 1812764

(5th Cir. May 12, 2011). This presumption applies not only to explicit findings of fact, but "it also applies to those unarticulated findings which are necessary to the state court's conclusions of mixed law and fact." *Threadgill*, 2009 WL 2448499 at *5, *quoting Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001), *cert. denied*, 123 S.Ct. 106 (2002); *see also Harrington v. Richter*, ___ U.S. ___, 131 S.Ct. 770, 784, 178 L.Ed.2d 624 (2011) ("[D]etermining whether a state court's decision resulted from an unreasonable legal or factual conclusion does not require that there be an opinion from the state court explaining the state court's reasoning.").

Petitioner criticizes his attorney, James R. "Rick" Russell, Jr., for failing to introduce mental health records and evidence showing that he tested negative for illegal drug use. Although none of this evidence was presented at the revocation hearing, Russell did adduce considerable testimony from witnesses regarding petitioner's mental health issues and his reliance on anti-psychotic medications. (*See* SF-I at 19-22, 26-30, 45-49, 63-64, 70-71, 73-74, 109-113). Russell also argued to the trial judge that petitioner's culpability was mitigated by "serious mental problems[.]" (*See id.* at 128-29). In an affidavit submitted to the state habeas court, Russell explained that he made a strategic decision not to introduce petitioner's mental health records into evidence "because they contained inculpatory information that would have harmed the defendant[,]" and stated that he was unaware petitioner had tested negative for illegal drug use on the same day he failed a drug test administered by his probation officer. *See Ex parte Culberson*, WR-58,825-02, Tr. at 49; *Ex parte Culberson*, WR-58,825-03, Tr. at 42. The state habeas court accepted Russell's explanation and found that petitioner was not prejudiced by the absence of this evidence. *See Ex parte Culberson*, WR-58,825-02, Tr. at 46, ¶ 3; *Ex parte Culberson*, WR-58,825-03, Tr. at 39, ¶ 3.

The *Strickland* standard is highly deferential to strategic choices made by trial counsel. "So long as counsel made an adequate investigation, any strategic decisions made as a result of that

investigation fall within the wide range of objectively reasonable professional assistance." *Cotton v. Cockrell*, 343 F.3d 746, 752 (5th Cir. 2003), *cert. denied*, 124 S.Ct. 1417 (2004). A conscious and informed decision on trial tactics cannot form the basis of an ineffective assistance of counsel claim "unless it is so ill chosen that it permeates the entire trial with obvious unfairness." *Id.* at 753, quoting *United States v. Jones*, 287 F.3d 325, 331 (5th Cir.), *cert. denied*, 123 S.Ct. 549 (2002). Here, petitioner has not shown that the strategy employed by his attorney was in any way deficient. Given the significant evidence of petitioner's mental illness adduced by Russell at the revocation hearing -- including sympathetic testimony from his probation officer, mental health provider, and mother -- any documentary evidence would have been cumulative of testimony already before the court. Nor is there any reason to believe that the outcome of the revocation hearing would have been different had this additional evidence been offered by counsel. This ground for relief should be overruled. *See Coble v. Quarterman*, 496 F.3d 430, 436 (5th Cir. 2007) (holding that counsel was not ineffective for failing to present cumulative evidence at sentencing).

D.

Finally, petitioner complains that he was denied representation by counsel of his choice because he was represented at the revocation hearing by Russell instead of Howard B. Law, his retained attorney. As Russell explained in his affidavit:

> At the time of applicant's revocation hearing, Howard B. Law was his attorney of record. I worked with Mr. Law for seven years before his death. When Mr. Law was retained, he and I met with the defendant's mother and the defendant on numerous occasions. It was well understood by all parties that I would also be working on the defendant's cases. I interviewed and subpoean'd [sic] witnesses, prepared for a contested revocation hearing, and visited the defendant in jail. I specifically asked the defendant if he had any objections to me handling his cases and he indicated he did not. It was well understood by the defendant, his mother, Mr. Law and myself that I would be handing the revocation hearing.

> Mr. Law did appear for the revocation hearing and helped me speak
> to witnesses as they arrived. When the hearing was called, Mr. Law
> left to attend to other business and I handled the hearing as planned.

*Ex parte Culberson*, WR-58,825-02, Tr. at 48-49; *Ex parte Culberson*, WR-58,825-03, Tr. at 41-42.

The state habeas court found that petitioner "consented to being represented by Mr. Rick Russell, Jr. and counsel was not ineffective for appearing at the revocation proceeding on Applicant's behalf."

*See Ex parte Culberson*, WR-58,825-02, Tr. at 45, ¶ 2; *Ex parte Culberson*, WR-58,825-03, Tr. at 38-39, ¶ 2. Petitioner offers nothing to rebut this finding.

## **RECOMMENDATION**

Petitioner's application for writ of habeas corpus should be dismissed in part and denied in part. All claims relating to his 1998 guilty plea should be dismissed on limitations grounds. His due process claim should be dismissed as procedurally barred. Petitioner's other claims should be denied on the merits.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: June 30, 2011.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE